UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY FERREROSA,<br><br>                Plaintiff,<br><br>   v.<br><br>K. HALL,<br><br>                Defendant. | No. 1:24-cv-01242 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING:<br><br>(1) THAT MATTER BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 7), AND<br><br>(2) THAT PLAINTIFF'S IN FORMA PAUPERIS APPLICATION BE DENIED AS MOOT<br><br>(ECF No. 2)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS. |

     Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

     For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to obey a court order and that Plaintiff's in forma pauperis application be denied as moot. Plaintiff will be given fourteen days to file objections to this order.

1

I. RELEVANT FACTS

On October 15, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Less than a week later, on October 21, 2024, Plaintiff filed a notice of change of address. ECF No. 5.

Because Plaintiff's new address appeared to indicate that he was no longer incarcerated, on October 29, 2024, the Court ordered Plaintiff to file a non-prisoner in forma pauperis application with the Court. ECF No. 7. As a result, Plaintiff was sent a copy of the non-prisoner application, and he was given thirty days to complete it and return it to the Court. See id. at 1. The order was sent to Plaintiff's new address. To date, it has not been returned to the Court marked "undeliverable."

More than thirty days has passed and Plaintiff has not complied with the Court's order, nor has he requested an extension of time to do so. Nor has Plaintiff responded to the Court's order in any way.

II. APPLICABLE LAW

A. Federal Rule of Civil Procedure 41(b) and Local Rules 110, 182(f) and 183(b)

Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110 also permits the imposition of sanctions when a party fails to comply with a court order. L.R. 110.

Local Rule 182(f) permits service to be effective service at a prior address if a party fails to notify the Court and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears in propria persona a period of time to file a notice of change of address if some of his mail is returned to the Court. Id.

B. Malone Factors

The Ninth Circuit has clearly identified the factors to consider when dismissing a case for failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III. DISCUSSION

#### A. Rule 41(b) and Local Rule 110 and 182(f) Support Dismissal of This Case

It is a plaintiff's responsibility to keep a court apprised of his current address at all times. The docket does not indicate that Plaintiff's copy of the order which directed him to file a non-prisoner in forma pauperis application with the Court was returned. Furthermore, it is well-settled that mail that is sent via the post office is presumed to have been received. See Rosenthal v. Walker, 111 U.S. 185, 193 (1884); Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995) (citing Rosenthal). Accordingly, Plaintiff was properly served with the order that directed him to file a non-prisoner in forma pauperis application. See generally Local Rule 182(f) (stating service of documents at the record address of the party is fully effective). The fact that Plaintiff has yet to respond to it, by itself, warrants the dismissal of this matter, in accord with Rule 41(b) and Local Rule 110.

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than adequate time to file the non-prisoner in forma pauperis application. Despite this fact, he has failed to do so, nor has he contacted the Court to ask for an extension of time to do so.

The Eastern District Court has an unusually large caseload.[1]  "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

1  the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San
2  Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that
3  keeping this case on the Court's docket when Plaintiff has failed to comply with its simple order
4  to file a non-prisoner application to proceed in forma pauperis is not a good use of the Court's
5  already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker
6  disposition of this case. Additionally, in fairness to the many other litigants who currently have
7  cases before the Court, no additional time should be spent on this matter.

8              2.   Risk of Prejudice to Defendants

9      Furthermore, because viable Defendants have yet to be identified and served in this case,
10 no one has put time and effort into defending against it. As a result, there will be no prejudice to
11 anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any
12 potentially viable Defendants because they will not have to defend themselves against Plaintiff's
13 complaint.

14             3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on
15                  Merits

16     Finally, given that Plaintiff has had more than enough time to file the non-prisoner in
17 forma pauperis application, as well as the fact that Plaintiff has not responded in any way to the
18 Court's order that directed him to do so, there is no less drastic option than dismissal. Although
19 the disposition of cases on their merits is preferred, this matter cannot be prosecuted without basic
20 participation by Plaintiff, nor can it be disposed of on its merits.

21     IV.   CONCLUSION

22     For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules
23 110, and 182(f), and having considered the Malone factors, the undersigned recommends that this
24 matter be dismissed without prejudice for failure to obey a court order, and that Plaintiff's
25 currently outstanding prisoner application to proceed in forma pauperis be denied as moot.
26 Plaintiff will be given fourteen days to file objections to this order. However, should this order be
27 returned to the Court marked "undeliverable" before the end of the fourteen-day period, the
28 District Judge that will be assigned to this action may dismiss it immediately.

                                            4

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that:

1. This matter be DISMISSED without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b); Local Rules 110, 183(b);

2. Plaintiff's prisoner application to proceed in forma pauperis (ECF No. 2) be DENIED as MOOT, and

3. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, Plaintiff must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal.  See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 24, 2025**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE

5